# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  June 13, 2022

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DEBORAH MCNABB, | * | Unpublished |
| | * | |
| | * | 19-1185V |
| Petitioner, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Interim Award. |
| | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Meredith Daniels*, Conway Homer P.C., Boston, MA, for petitioner.
*Matthew Murphy,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On April 1, 2022, Deborah McNabb ("petitioner"), filed a motion for interim attorneys' fees and costs.  Petitioner ("Pet.") Interim ("Int.") Fees Motion ("Mot.").  **I hereby GRANT the motion and award $65,362.49 in interim attorneys' fees and costs.**

### I.    Procedural History

On August 13, 2019, petitioner filed her claim for compensation in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleges that as a result of receiving the flu vaccination on September 29, 2016, she suffered a drug reaction with eosinophilia and systemic symptoms ("DRESS").  *Id.*

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.**  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any  information furnished by that party: (1) that is a trade  secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 4, 2019, petitioner filed medical records to accompanying her petition. Pet. Exhibits ("Exs.") 1-20 (ECF Nos. 7 & 8).  On May 15, 2020, respondent file the Rule 4(c) report, stating that respondent's opinion is that "this case is not appropriate for compensation." Respondent ("Resp") Report ("Rept.") (ECF No. 14).  Respondent stated that "petitioner requires an expert opinion to support her injury claim."  *Id.* at 11.

On November 4, 2020, petitioner filed an expert report from David Rosenstreich, MD. Pet. Ex. 24 (ECF No. 20).  Additionally, petitioner filed medical literature cited by Dr. Rosenstreich.  Pet. Exs. 26-41 (ECF Nos. 20 & 21).  Respondent filed a responsive expert report from Emanual Maverakis, MD on April 27, 2021.  Resp. Ex. A (ECF No. 26).

A Rule 5 Status Conference was held on October 1, 2021.  Status Conference Order (ECF No. 27).  After the Rule 5 Status Conference, petitioner was ordered to file a supplemental expert report.  Rule 5 Order (ECF No. 29).

On December 2, 2021, petitioner filed a supplemental expert report by Dr. Rosenstreich and accompanying medical literature.  Pet. Exs. 42-50 (ECF No. 31).  On March 28, 2022, respondent filed a responsive supplemental expert by Dr. Maverakis.  Resp. Ex. B (ECF No. 35).

On April 1, 2022, petitioner filed this motion for interim attorneys' fees and costs.  Pet. Int. Mot.  Petitioner is requesting interim attorneys' fees in the amount of $38,641.90 and attorneys' costs in the amount of $26,712.69.  *Id.* at 2.  On April 14, 2022, respondent filed a response, stating that respondent defers to the Special Master to exercise discretion to determine a reasonable award for attorneys' fees and costs.  Resp. Response at 4 (ECF No. 38).

This matter is now ripe for adjudication.

## II.     Entitlement to Attorneys' Fees and Costs

### a.   Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).  In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### b.   Interim Awards

The Vaccine Act permits interim attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*,

609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

This matter has been pending for over two years. Since the petition was filed, petitioner has filed two expert reports from Dr. Daniel Rosenstreich with supportive medical literature. Additionally, petitioner is requesting fees and costs in excess of the amounts discussed above, and the case is still pending, which may necessitate additional proceedings. Therefore, an award of interim fees and costs is appropriate.

### III.    Reasonable Attorneys' Fees and Costs

#### a.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera,* 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### b. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2017-2022 can be accessed online.

In this case, petitioner is requesting that her attorneys at the Conway Homer firm, including Ms. Meredith Daniels, Mr. Joseph Pepper, Ms. Lauren Faga, Mr. Nathaniel Enos, Mr. Patrick Kelly, and Mr. Ronald Homer, along with multiple paralegals, be reimbursed for work performed on her case from 2017 through 2022. The rates that petitioner is requesting for the attorneys and for the paralegals is consistent with the Attorneys Forum Hourly Rate Fee Schedule, and have been awarded to the Conway Homer firm in the past. As such, I find that the attorneys' hourly rates are reasonable, and no adjustment is necessary.

### c. Hours expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review of the invoice submitted with petitioner's interim fee application, and my knowledge of the proceedings in the case to date, the number of hours expended appear to be reasonable and adequately documented. *See* Pet. Int. Mot. Tab A. **Accordingly, petitioner is awarded $38,641.90 in attorneys' fees.**

### d. Attorneys' costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioenr is requesting a total of $26,712.69 in attorneys' costs, the bulk of which is for the retention of petitioner's expert, Dr. David Rosenstreich. Petitioner's attorneys' costs include obtaining medical records, filing fee, postage, copies and retention of Dr. David Rosenstreich. Pet. Int. Mot. Tab B. Petitioner requests reimbursement of $26,000.00 for the work performed by Dr. Rosenstreich. *Id.* at 41. Dr. Rosenstreich has provided two expert reports for petitioner in this matter and the rate of $500.00 he is requesting is reasonable.

Petitioner also spent $7.90 in postage. This expense is well documented and petitioner shall be reimbursed for that amount. **Accordingly, the amount of attorneys' costs petitioner is**

**reasonable and shall be awarded in full.**

    **IV.**    **Conclusion**

    In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED.** Accordingly, I award the following:

    **A)**   **A lump sum in the amount of $65, 362.49 to petitioner and her attorneys, representing reimbursement for *interim* attorneys' fees and costs and petitioner's costs, in the form of a check payable jointly to petitioner and Conway Homer P.C.**

    In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[3]

    **IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).